## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## JONESBORO DIVISION


MARK A. BUTLER                                                    PLAINTIFF

V.                          CASE NO. 3:10CV00032 JMM

KEITH BLACKMAN, *et al.*                                        DEFENDANTS

## ORDER

Plaintiff, an inmate housed at the Craighead County Detention Facility, filed a pro se Complaint (docket entry #1) under 42 U.S.C. §1983 and is proceeding *in forma pauperis.* (#6)  Plaintiff now has filed a Motion to Appoint Counsel. (#8)  For the following reasons, Plaintiff's Complaint (#2) is DISMISSED, and his Motion to Appoint Counsel (#8) is DENIED as moot.

**I.**     **Discussion**:

A.     Standard

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  42 U.S.C. § 1983. Although courts must accept the factual allegations in complaint as true, and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam), a pro se plaintiff still must assert facts sufficient to state a claim for relief.

In deciding whether a plaintiff has stated a claim, the Court must determine whether the plaintiff has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, *supra*). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

B.     Background

Here, Plaintiff alleges that on December 12, 2009, he was arrested by Officer Staurt with the Jonesboro Police Department. On December 14, 2009, he was seen by Judge Blackman and entered a plea of not guilty to the charge of theft of property. Plaintiff claims that when he appeared in state court on December 28, 2009, he requested a change of venue. Plaintiff alleges that Judge Blackman denied his motion, then found him guilty of the criminal charges and set a cash bond for Plaintiff in the amount of $5460. Plaintiff names as Defendants Keith Blackman, District Court Judge, James McCormack, District Clerk, and Officer Staurt. Plaintiff requests that the Court investigate this matter and re-open Plaintiff's case. Plaintiff has failed to state a constitutional claim under 42 U.S.C. § 1983.

C.     Analysis

1.     Defendant Blackman

Here, Plaintiff names as a Defendant Judge Keith Blackman.  Defendant Blackman is allegedly the judge responsible for finding Plaintiff guilty of the crimes charged and sentencing Plaintiff.  Unfortunately for Plaintiff,  "[j]udges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994).  Because Judge Blackman was acting within his official capacity when he found Plaintiff guilty of the crimes charged and sentenced Plaintiff, he is entitled to absolute immunity in this lawsuit.

Further, based on the allegations contained in Plaintiff's Complaint, it appears that he is attempting to challenge his state court conviction and sentence.  A state prisoner seeking to challenge his state court conviction in federal court must do so in a petition for federal habeas relief, not an action under 42 U.S.C. § 1983.  See 28 U.S.C. § 2254.

2.     Defendant McCormack and Staurt

In his Complaint, Plaintiff complains about the cash bond imposed by Judge Blackman.  Although Plaintiff mentions that Defendant Staurt arrested him in December 2009, he does not state how Defendant Staurt violated his constitutional rights.  Further, Plaintiff does not mention Defendant McCormack in his Complaint.  As a result, these claims also should be dismissed.  See *Beck v. LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (prisoner must allege a

defendant's personal involvement or responsibility for constitutional violation to state a claim under 42 U.S.C. § 1983)).[1]

## II. <u>Conclusion</u>:

Accordingly, Plaintiff's Complaint (#1) is DISMISSED and his Motion to Appoint Counsel (#8) is DENIED as moot. Plaintiff's claims against Defendant Blackman are DISMISSED with prejudice. Plaintiff's claims against Defendants McCormack and Staurt are DISMISSED without prejudice. The Court further certifies that an appeal of this Order would be frivolous and not take in good faith. See 28 U.S.C. § 1915(g).

IT IS SO ORDERED this _8_ day of _March_, 2010.


_____
UNITED STATES DISTRICT JUDGE

---

[1] The Court also notes that Defendant McCormack, as Clerk of the Court for the Eastern District of Arkansas, also is entitled to judicial immunity from damages for civil rights violations when performing tasks that are an integral part of the judicial process. *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989).